UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

YANET VERONICA DILL and
CRAIG DILL,

    Plaintiffs,

v.                                      **JURY TRIAL DEMANDED**

RANDY HERSCOVICI, an individual; and
S HARBOR CITY, INC. a Florida corporation d/b/a
RIDERS ON THE STORM INN,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, YANET VERONICA DILL (hereinafter "Y. DILL") and CRAIG DILL (hereinafter "C. DILL") by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, RANDY HERSCOVICI (hereinafter "HERSCOVICI") and S HARBOR CITY, INC. d/b/a RIDERS ON THE STORM INN (hereinafter "RIDERS") and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, RIDERS operated a business enterprise (motel),

1

respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Plaintiffs' work for Defendants involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation of a motel—all manufactured outside the State of Florida.

4. During the relevant time period, the Defendants employed at least two employees who "engaged in commerce or in the production of goods for commerce," or they "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

5. In addition to the foregoing, the Plaintiffs are entitled to the protections of the FLSA as they were "individually covered" by that statute. During the Plaintiffs' employment, they were required to use instrumentalities of interstate commerce (telephone/internet) on a regular and recurrent basis to, *inter alia,* assist in operating the Defendants' motel, particularly as to communications with motel ownership and handling guest matters.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida.

   and,

   b. Defendants were and continue to be a corporation and individuals doing business within the Southern District of Florida.

## PARTIES

9. At all times material hereto, Plaintiffs, Y. DILL and C. DILL were residents of Melbourne Florida, inside the Southern District of Florida.

10. At all times material hereto, Plaintiffs, Y. DILL and C. DILL were "employees" of the Defendants within the meaning of the FLSA.

11. During all times set forth in this Complaint, RIDERS was a Florida corporation doing business in the Southern District of Florida.

12. At all times material hereto, the Defendants were conducting business in Melbourne, Florida, within the Southern District of Florida.

13. At all times material hereto, Defendants were the "employers "of Plaintiffs, Y. DILL and C. DILL, within the meaning of the FLSA.

14. At all times material hereto, Defendants failed to pay Plaintiffs, Y. DILL and C. DILL overtime wages in conformance with the FLSA.

15. Defendants committed a willful, malicious, and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

16. At all times material hereto, RIDERS was an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

18. Plaintiffs have fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

## STATEMENT OF FACTS

19. From or about July 4, 2016 through or about August 9, 2022, Y. DILL and C. DILL were employed by the Defendants as caretakers to work at the Defendants' motel in Melbourne, Florida.

20. While employed, Y. DILL and C. DILL handled Defendants' motel office paperwork, handled reservations, checked guests in/out, took payments, made/received telephone calls, assisted guests throughout their shifts, handle customer complaints, maintenance, cleaning (housekeeping), accepting guest payments, laundry, contacting vendors, painting, tree trimming, electrical, plumbing, general carpentry, air conditioning, and other day-to-day motel-related tasks.

21. The Plaintiffs would regularly and recurrently each week, speak to HERSCOVICI (by telephonic and/or electronic transmission) who was physically outside the State of Florida, regarding motel business.

22. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements.

23. The Plaintiffs generally worked shifts from about 6:00 a.m. to 6:00 p.m., seven days per week. In addition, they were on call 24/7, and would perform a variety of work in the evenings

or early morning (*i.e.,* guests locked out of rooms; breakages in rooms; toilets clogged, etc.)—for approximately another two hours each day, beyond their regular shift, seven days per week.

24. The Plaintiffs each worked about 14 hours per day, or about 98 hours per week (14 hours per day x 7 day), they are owed for approximately 58 hours of overtime each week (98 – 40 = 58), respectively.

25. During his employment, C. DILL was paid $800.00 per week for his approximate 98 hours of work.

26. During her employment, Y. DILL's compensation would fluctuate from week-to-week, however, on average, Y. DILL was paid an average of about $1,300 per week for her approximate 98 hours of work.

27. Although the Plaintiffs, Y. DILL, and C. DILL worked in excess of forty hours per week, Defendants failed to pay them overtime wages for their hours in excess of 40 per week.

28. Defendants knowingly, willfully, and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each hour Plaintiffs worked in conformance with the applicable law.

29. Defendant HERSCOVICI was the owner and operator of RIDERS and was aware at all times that the Plaintiffs were not being paid overtime wages. Therefore, he is personally liable for the FLSA violations.

30. HERSCOVICI was involved in the scheduling of the Plaintiffs' hours and their work hours and was directly involved in the wages they were paid.

31. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

32. Plaintiffs, Y. DILL and C. DILL, reallege Paragraphs 1 through 31 as if fully stated herein.

33. Since Plaintiffs' date of hire with Defendants, in addition to Plaintiffs' normal regular work week, the Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

34. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided in the FLSA.

35. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by Plaintiffs in excess of the maximum hours provided in the FLSA.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

38. Due to the willful, malicious, and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal

amount as liquidated damages their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiffs overtime compensation in the amounts calculated;

c. Awarding Plaintiffs liquidated damages;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiffs post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Date:  October 31, 2022.

                Respectfully submitted,

                BOBER & BOBER, P.A.
                Attorneys for Plaintiff
                2699 Stirling Road
                Suite A-304
                Hollywood, FL 33312
                Phone: (954) 922-2298
                Fax: (954) 922-5455
                peter@boberlaw.com

By:   */s/. Peter J. Bober*
      FBN:  0122955

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Yanet Veronica Dill and Craig Dill

### DEFENDANTS
S Harbor City, Inc., a Florida corporation d/b/a Riders on the Storm Inn; and, Randy Herscovici, an individual

**(b)** County of Residence of First Listed Plaintiff: **Brevard**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Broward**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bober & Bober, P.A., 2699 Stirling Road, Suite-A304, Hollywood, Florida 33312 (954) 922-2298

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FLSA 29 U.S.C. 201 et seq.

Brief description of cause:
Unpaid overtime

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 10/31/2022

SIGNATURE OF ATTORNEY OF RECORD: *Peter Bober*

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| Yanet Veronica Dill and Craig Dill, <br> *Plaintiff* <br> v. <br> S Harbor City, Inc., a Florida corporation d/b/a Riders on the Storm Inn; and, Randy Herscovici <br> *Defendant* | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Randy Herscovici
834 North Victoria Park Road
Fort Lauderdale, FL 33304

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Peter Bober, Esq.
Bober & Bober, P.A.
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Telephone:  954-922-2298
Fax:  954-922-5455

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| Yanet Veronica Dill and Craig Dill, | ) |
| --- | --- |
| *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. |
| S Harbor City, Inc., a Florida corporation d/b/a Riders on the Storm Inn; and, Randy Herscovici | ) ) ) |
| *Defendant* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  S Harbor City, Inc. d/b/a Riders on the Storm Inn
Randy Herscovici, as Registered Agent
757 SE 17 Street, # 273
Fort Lauderdale, FL 33016

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Peter Bober, Esq.
Bober & Bober, P.A.
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Telephone: 954-922-2298
Fax: 954-922-5455

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: